UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN BERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00959-JMS-DLP |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner John Berry was convicted of attempted murder in an Indiana state court. He is currently serving a forty-year sentence for this crime. Mr. Berry now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because it is time-barred. For the reasons explained in this Order, Mr. Berry's petition for a writ of habeas corpus is **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

Mr. Berry was convicted on July 19, 2010, and sentenced on August 11, 2010. Dkt. 6-1. On direct appeal, the Indiana Court of Appeals reversed his conviction, finding that "the circumstances of Berry's case fall squarely within the doctrine of settled insanity." Dkt. 6-4 at 3-4. On June 20, 2012, the Indiana Supreme Court granted transfer, determined that the trial court appropriately found that Mr. Berry's conduct was the result of voluntary abuse of alcohol and was not caused by a mental disease or defect, and affirmed the trial court's rejection of Mr. Berry's insanity defense. Dkt. 6-4. Mr. Berry sought rehearing which was denied by the Indiana Supreme Court on October 4, 2012. Dkt. 6-2.

On March 11, 2013, Mr. Berry filed a petition for post-conviction relief. Dkt. 6-1. After a hearing, on February 17, 2016, the post-conviction court entered findings of fact, conclusions of law, and a judgment denying the petition. *Id*. The Indiana Court of Appeals affirmed the denial of post-conviction relief on February 27, 2017. Dkt. 6-5. The Indiana Supreme Court denied transfer on May 2, 2017. Dkt. 6-3. On March 26, 2018, Mr. Berry filed the instant petition for a writ of habeas corpus which was signed on March 23, 2018 seeking federal collateral review of his conviction.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Mr. Berry filed his 28 U.S.C. § 2254 petition after the April 19, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). His petition, therefore, is subject to AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of AEDPA, revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). To the extent applicable, 28 U.S.C. § 2244(d)(1)(C) provides that a state prisoner "has one year to file a habeas petition based on a newly recognized constitutional right made retroactively applicable by the Supreme Court to

collateral review."

## III. Discussion

Mr. Berry's conviction and sentence became final when the time to seek certiorari in the United States Supreme Court expired following his 2012 direct appeal. 28 U.S.C. § 2244(d)(1)(A). Because the Indiana Supreme Court denied his petition for rehearing on October 4, 2012, the time to seek certiorari expired on January 2, 2013. *See* Rule 13, Rules of the Supreme Court of the United States. His conviction became final on that date. The one-year period of limitation ran until March 11, 2013, when Mr. Berry filed a petition for post-conviction review. Dkt. 6-1. At that time, 68 days had elapsed.

A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Mr. Berry's limitations period remained tolled until the Indiana Supreme Court denied his petition to transfer his appeal from the denial of post-conviction relief on May 2, 2017. Mr. Berry filed his habeas petition in this Court on March 23, 2018. Therefore, 325 days elapsed between the denial of his petition for post-conviction relief and the filing of his federal habeas petition. Combined with the 68 days that had elapsed between his conviction being final on direct appeal and the filing of his petition for post-conviction relief, a total of 393 days had passed before Mr. Berry filed his habeas petition. The following chart illustrates the time calculation:

| Conviction Final | January 2, 2013 | 365 days left in limitation period |
| State Post-Conviction Filed | March 11, 2013 | 297 days left in limitation period |
| Indiana Supreme Court Denies Petition to Transfer (Clock Resumes) | May 2, 2017 | 297 days left in limitation period |
| Federal Habeas Petition Due | February 23, 2018 | 0 days left in limitation period |

| Federal Habeas Petition Mailed | March 23, 2018 | 28 days beyond limitation period |

Mr. Berry argues that the clock did not begin to run again until ninety days after the Indiana Supreme Court denied his petition to transfer in his post-conviction proceedings. While it is true that the clock is tolled for ninety days following direct appeal to allow time to file a petition for certiorari before the United States Supreme Court, the same time frame is not tolled after state post-conviction relief proceedings. *Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007) (a certiorari petition from post-conviction review does not toll the time limit or otherwise act as a grace period); *Taylor v. Michael*, 724 F.3d 806, 808 (7th Cir. 2013). Therefore, Mr. Berry had until February 23, 2018, to file a petition for writ of habeas corpus. However, he did not file his petition until March 23, 2018, which was 28 days after the limitations period expired.

Mr. Berry states that he was denied access to the law library when his habeas petition was filed. This assertion raises the question of whether he is entitled to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2015).

"Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citations and quotation marks omitted); *see Socha*, 763 F.3d at 684 ("[T]olling is rare;

4

it is reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.") (citation and quotation marks omitted). While in some circumstances lack of access to the law library may warrant equitable tolling, Mr. Berry's bare statement that he was denied access to the law library, without further detail or argument, does not rise to the level of an extraordinary circumstance. *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (temporarily limited access to law library did not merit equitable tolling). Furthermore, Mr. Berry has not shown that he pursued his rights diligently. Therefore, Mr. Berry is not entitled to equitable tolling.

### IV. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Mr. Berry has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied with prejudice**. Judgment consistent with this Order shall now issue.

### V. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Cases requires the district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and "[i]f the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Pursuant to § 2253(c)(2), the Court finds that no reasonable jurist would find it debatable "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/13/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

5

Distribution:

JOHN BERRY
148652
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov